UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LIZBET MORAN,

                                Plaintiff,

          v.

STARWOOD HOTELS AND RESORTS
WORLDWIDE, INC. AND STARWOOD HOTELS &
RESORTS MANAGEMENT COMPANY, INC.

                         Defendant(s).

------------------------------------------------------------------------x

Civil Case No.:
08-CIV-4398 (SHS)

**ANSWER WITH SEPARATE DEFENSES**

       Defendants, Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") and Starwood Hotels

& Resorts Management Company, Inc. ("Starwood Management"), by their attorneys, Norris,

McLaughlin & Marcus, PA, for their Answer to Plaintiff's Complaint, state as follows:

       1.      Paragraph 1 of the Complaint states various legal conclusions to which no responses

are required.  To the extent responses are required, Defendants deny the allegations contained in

Paragraph 1 of Plaintiff's Complaint.

       2.      Defendants deny any knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the first sentence of Paragraph 2 of Plaintiff's Complaint and,

therefore, deny the allegations contained therein.  Defendants admit the allegations contained in the

second sentence of Paragraph 2 of the Complaint, except Plaintiff's effective date of termination was

December 22, 2005.

       3.      Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

       4.      Defendants admit that Starwood Management is a Delaware Corporation, but

otherwise deny the allegations contained in Paragraph 4 of the Compliant and deny that is a proper

defendant in this matter.

**<u>Starwood Hotels & Resorts Worlwide, Inc. ("Starwood")</u>**

5.      Defendant Starwood admits the allegations contained in Paragraph 5 of Plaintiff's Complaint, except Plaintiff's effective date of termination was December 22, 2005.  Defendant Starwood Management denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies the allegations contained therein.

6.      Defendant Starwood denies the allegations contained in Paragraph 6 of Plaintiff's Complaint. Defendant Starwood Management denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the allegations contained therein.

7.      Defendants deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, deny the allegations contained therein.

8.      Defendant Starwood denies the allegations contained in Paragraph 8 of Plaintiff's Complaint. Defendant Starwood Management denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies the allegations contained therein.

9.      Defendant Starwood admits that Plaintiff was notified that her employment was terminated, except that Defendant Starwood provided Plaintiff with notice of her termination of employment on or about December 20, 2005.  Defendant Starwood Management denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the allegations contained therein.

10.     Defendant Starwood denies the allegations contained in Paragraph 10 of Plaintiff's Complaint. Defendant Starwood Management denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the allegations contained therein.

11.     Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

**Starwood Hotels & Resorts Management Company, Inc. ("Starwood Management")**

13.     Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore deny the allegations contained therein.

16.     Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant Starwood Management denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the allegations contained therein. Defendant Starwood admits that Plaintiff was notified that her employment was terminated, except that Defendant Starwood provided Plaintiff with notice of her termination of employment on or about December 20, 2005.

18.     Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants deny any liability in this matter and deny that Plaintiff is entitled to any damages as pled in the Prayer for Relief.  Further, Defendants seek judgment in their favor dismissing the Complaint with prejudice, together with attorneys' fees, costs, and all other relief, legal and equitable, to which it is entitled.

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses in response to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of discrimination under Title VII of the Civil Rights Act of 1964, the Fifth Amendment to the United States Constitution, or any other law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's sex, gender, pregnancy or any other protected characteristic was not a factor in any employment actions taken by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff was a probationary employee who was not performing her job in a manner that met the legitimate expectations of her employer.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot show that her employment was terminated under circumstances warranting an inference of discrimination.

## SIXTH AFFIRMATIVE DEFENSE

All employment actions taken in this matter were based upon legitimate, non-discriminatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate that Defendants proffered reason for terminating Plaintiff's employment was pretextual or that Defendants were motivated by discriminatory animus.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants have established and complied with policies, programs and procedures that prevent and detect alleged discriminatory behavior and otherwise complied with all legal requirements in handling such matters.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee, and therefore, could be terminated at any time with or without notice and with or without cause. Further, as an at-will employee, Plaintiff had no property interest in her employment.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim under the Fifth Amendment to the United States Constitution fails because Defendants are private entities, not governmental actors, and Plaintiff cannot show that Defendants interfered with a constitutionally protected right in a manner that is actionable under the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

There is no private right of action, express or implied, available to Plaintiff under the Fifth Amendment to the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's employer was Starwood Hotels & Resorts Worldwide, Inc. Defendant Starwood Management was not Plaintiff's employer and therefore, is not a proper defendant and should not be named in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants should be dismissed in whole or in part because Plaintiff has failed to mitigate any damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to declaratory or injunctive relief as she cannot show a likelihood of success on the merits, irreparable harm or that her remedy at law is inadequate.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, because Defendants have not engaged in conduct that supports a claim for punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert all defenses which may be pertinent to the Complaint once the precise nature of such Complaint is ascertained through discovery.

**WHEREFORE**, Defendants demand judgment in their favor dismissing the Complaint with prejudice, together with attorneys' fees, costs, and all other relief, legal and equitable, to which it is entitled.

NORRIS, McLAUGHLIN & MARCUS, PA

Dated:   June 10, 2008

/s/ David E. Cassidy
David E. Cassidy, Esq. (DC-4532)
875 Third Avenue, 18th Floor
New York, New York 10022
Telephone:  212-808-0700
Attorney for Defendants

7