UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

| | |
|---|---|
| LIZBET MORAN<br>    Plaintiff | AMENDED COMPLAINT<br>FOR EMPLOYMENT<br>DISCRIMINATION |
| | JURY TRIAL    YES |
| V. | |
| STARWOOD HOTELS AND<br>RESORTS WORLDWIDE, INC. AND<br>STARWOOD HOTELS & RESORTS<br>MANAGEMENT COMPANY, INC.<br>    Defendant(s) | CASE NUMBER: 08 civ 4398 |

-------------------------------------------------X

Plaintiff, LIZBET MORAN by her attorney STEVEN J. MASEF, ESQ. as and for her complaint alleges:

JURISDICTION

1.  This is a civil action seeking declaratory, injunctive and other legal and equitable relief to redress violations of plaintiff's rights under Title II and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e, 42 U.S.C. 2000e-2. This Court has jurisdiction over the action pursuant to 28 U.S.C. ss 1343, 1331, and 2201. A "Right to Sue" letter dated February 14, 2008 obtained from the U.S. Equal Opportunity Commission is annexed hereto as <u>Exhibit 1</u>.

# PARTIES

2. Plaintiff LIZBET MORAN is an adult permanent resident of the United States and a resides at 25-15 Palisades Avenue, Union City, New Jersey. Plaintiff was employed by defendant as "Whatever Whenever Agent" from November 7, 2005 through December 20, 2005.

3. Defendant STARWOOD HOTELS AND RESORTS WORLDWIDE, INC is a Maryland Corporation doing business in the State of New York with its Principal Offices located at 1111 Westchester Avenue, White Plains, NY 10011.

4. Defendant STARWOOD HOTELS AND RESORTS WORLDWIDE, INC. is engaged in interstate commerce by virtue of the multiple hotels accommodations owned and/or operated throughout the United States and in the Southern District of New York.

5. Defendant STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC. is a Delaware Corporation doing business in the State of New York with its Principal Offices located at 1111 Westchester Avenue, White Plains, NY 10011.

6. Defendant STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC. is engaged in interstate commerce by virtue of the multiple hotels accommodations owned and/or operated throughout the United States and in the Southern District of New York.

## STATEMENT AS TO DEFENDANT

## STARWOOD HOTELS AND RESORTS WORLDWIDE, INC

7.  Plaintiff was an employee of defendant STARWOOD HOTELS AND RESORTS WORLDWIDE, INC. at the W. Hotel, Union Square, 201 Park Avenue, New York, NY, in the capacity of "Whatever Whenever Agent" from November 13, 2005 through December 20, 2005 on which date her employment was terminated by defendant.

8.  Plaintiff's salary was $20.00 (Twenty Dollars) per hour with the expectation of a promotion to a salary of $25.00 per hour upon completion of a probationary period.

9.  Plaintiff was pregnant at the time she was hired by the Defendant.

10. On or about December 7, 2005, upon discovering that Plaintiff was pregnant, defendant STARWOOD HOTELS AND RESORTS WORLDWIDE, INC. with the express purpose and intent of divesting and depriving plaintiff of her federal civil and constitutional rights and protections and in furtherance of that end embarked on a course of conduct designed and calculated to create a hostile and unpleasant work environment and create and/or manufacture situations and to validate an otherwise blatant violation of Plaintiff's rights via discriminatory and illegal termination of Plaintiff's employment and constitutional rights and protections based upon her status as a pregnant female.

11. On December 20, 2005, defendant notified plaintiff that her employment was terminated.

12.     Plaintiff was terminated solely because plaintiff was a pregnant female and despite the fact that plaintiff had performed her job functions and responsibilities and was ready willing and able to work and continue to work.

13.     The conduct of defendant discriminated against plaintiff and continues to discriminate against the plaintiff on the basis of sex in violation of Title II and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e, 42 U.S.C. 2000e-2.

14.     Plaintiff has suffered damages in lost wages to date in the amount of $210,000.00 and is suffering irreparable injury from defendant's practices, policies, and customs as set forth herein, and will continue to so suffer unless this Court grants the relief requested.

15.     There is a real controversy between the parties, and plaintiff has no completely adequate remedy at law; unless plaintiff's request for declaratory and injunctive relief is granted, she will suffer irreparable injury.

16.     Plaintiff's dismissal has seriously injured her standing and reputation and plaintiff has been refused any opportunity to refute the ground of dismissal.

17.     Plaintiff affirmatively states plaintiff is well capable of carrying on the position of Whatever Whenever agent and that plaintiff's dismissal was predicated solely upon sex discrimination vis a vie her status as a pregnant female.

STATEMENT AS TO DEFENDANT
STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC.

18.     Plaintiff was an employee of defendant STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC. at the W. Hotel, Union Square, 201 Park Avenue, New York, NY, in the capacity of "Whatever Whenever Agent" November 7, 2005 through December 20, 2005 on which date her employment was terminated by defendant STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC.

19.     Plaintiff's salary was $20.00 (Twenty Dollars) per hour with the expectation of a promotion to a salary of $25.00 per hour upon completion of a 90 day probationary period.

20.     Plaintiff was pregnant at the time she was hired by the Defendant.

21.     On or about December 7, 2005, upon discovering that Plaintiff was pregnant, defendant with the express purpose and intent of divesting and depriving plaintiff of her federal civil and constitutional rights and protections and in furtherance of that end embarked on a course of conduct designed and calculated to create a hostile and unpleasant work environment and create and/or manufacture situations and to validate an otherwise blatant violation of Plaintiff's rights via discriminatory and illegal termination of Plaintiff's employment and constitutional rights and protections based upon her status as a pregnant female.

22.     On December 20 2005, defendant notified plaintiff that her employment was terminated.

23.    Plaintiff was terminated solely because plaintiff was a pregnant female and despite the fact that plaintiff had performed her job functions and responsibilities and was ready willing and able to work and continue to work.

24.    The conduct of defendant discriminated against plaintiff and continues to discriminate against the plaintiff on the basis of sex in violation of Title II and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e, 42 U.S.C. 2000e-2.

25.    Plaintiff has suffered damages in lost wages to date in the amount of $210,000.00 and is suffering irreparable injury from defendant's practices, policies, and customs as set forth herein, and will continue to so suffer unless this Court grants the relief requested.

26.    There is a real controversy between the parties, and plaintiff has no completely adequate remedy at law; unless plaintiff's request for declaratory and injunctive relief is granted, she will suffer irreparable injury.

27.  Plaintiff's dismissal has seriously injured her standing and reputation and plaintiff has been refused any opportunity to refute the ground of dismissal.

28.    Plaintiff affirmatively states plaintiff is well capable of carrying on the position of Whatever Whenever agent and that plaintiff's dismissal was predicated solely upon sex discrimination vis a vie her status as a pregnant female.

## PRAYER FOR RELIEF

Wherefore, plaintiff respectfully prays that this Court:

1. Declare the actions of defendants to be unlawful sex discrimination in violation of Title II and VII of the Civil Rights Act of 1964 as amended;

2. Issue preliminary and permanent injunctions enjoining defendants, defendants' agents, employees, and those acting in concert or cooperation with defendants from engaging in policies and practices contrary to the rights of plaintiff that are sexually discriminating in violation of the United States Constitution and the Fifth Amendment thereto and Civil Rights act of of 1964 as amended;

3. Issue preliminary and permanent injunctions requiring defendant to rehire plaintiff in the position plaintiff would currently hold were it not for the unlawful sex discrimination.

4. Issue such other and further relief as may be proper and necessary, including, but not limited to, promotion, salary increase, and back pay to plaintiff;

5. Award plaintiff the costs of the action, together with reasonable attorney fees for the prosecution of this action.

>           _____
>           STEVEN J. MASEF (SM-6693)
>           Attorney for Plaintiff
>           118-18 Union Turnpike
>           Kew Gardens, NY 11415
>           Telephone (718) 575-2925

Dated:    August 8, 2008

# EXHIBIT 1

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lisbet Moran<br>34-50 41st Street, Apt 16 C<br>New York, NY 10018 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-02695 | Feng K. An,<br>Supervisory Investigator | (617) 565-3192 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

Robert L. Sanders,
Area Office Director

FEB 1 4 2008
*(Date Mailed)*

Enclosures(s)

cc:
W NEW YORK HOTEL UNION SQUARE/STARW
c/o Norris McLaughlin & Marcus, PA
875 Third Avenue
18th Floor
New York, NY. 10022
Attn. David Cassidy, Esq.

Steven J. Masef, esq.
118-18 Union Turnpike
Kew Gardens, NY. 11415

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
LIZBET MORAN
               Plaintiff                           AFFIRMATION
                                                   OF SERVICE

     V.

STARWOOD HOTELS AND
RESORTS WORLDWIDE, INC. AND         CASE NUMBER: 08 CIV 4398
STARWOOD HOTELS & RESORTS
MANAGEMENT COMPANY, INC.
               Defendant(s)
-----------------------------------------------X

       STEVEN J. MASEF, ESQ., an attorney duly admitted to practice in the Southern District and State of New York, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in the County of Queens, State of New York.

       On August 8, 2008 your affirmant served the within AMENDED COMPLAINT on Defendant STARWOOD HOTELS AND RESORTS WORLDWIDE, INC. by service upon its attorneys Norris, McLaughlin & Marcus, P.A., 721 Route 202-206 North, Bridgewater, N.J. 08807 by REGULAR MAIL under the care and custody of the U.S. Postal Service

                                                       Affirmed on August 8, 2008

                                                        _____
                                                        STEVEN J. MASEF, ESQ.
                                                        118-18 Union Turnpike
                                                        Kew Gardens, NY 11415
                                                        (718) 575-2925

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X

LIZBET MORAN

          Plaintiff

V.

STARWOOD HOTELS AND
RESORTS WORLDWIDE, INC. AND
STARWOOD HOTELS & RESORTS
MANAGEMENT COMPANY, INC.
          Defendant(s)
-----------------------------------------------X

AFFIRMATION
OF SERVICE

CASE NUMBER: 08 CIV 4398

STEVEN J. MASEF, ESQ., an attorney duly admitted to practice in the Southern District and State of New York, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in the County of Queens, State of New York.

On August 8, 2008 your affirmant served the within AMENDED COMPLAINT on Defendant STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, INC . by service upon its attorneys Norris, McLaughlin & Marcus, P.A., 721 Route 202-206 North, Bridgewater, N.J. 08807 by REGULAR MAIL under the care and custody of the U.S. Postal Service

Affirmed on August 8, 2008

_____
STEVEN J. MASEF, ESQ.
118-18 Union Turnpike
Kew Gardens, NY 11415
(718) 575-2925